## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** )<br>*ex rel.* )<br>**LOUIS SCUTELLARO** )<br>**2490 Patterson Avenue, SW** )<br>**Roanoke, Virginia  24016** )<br> )<br>**BRINGING THIS ACTION ON** )<br>**BEHALF OF THE UNITED STATES** )<br> **OF AMERICA** )<br>**c/o  Channing D. Phillips** )<br>**United States Attorney** )<br>**District of Columbia** )<br>**555 4th Street, NW** )<br>**Washington, DC  20530** )<br> )<br>**and** )<br> )<br>**c/o  Eric H. Holder, Jr., Esquire** )<br>**Attorney General of the United States** )<br>**Department of Justice** )<br>**10th & Constitution Avenue, N. W.** )<br>**Washington, D. C.  20530** )<br> )<br>**Plaintiff** )<br> )<br>**v.** )<br> )<br>**DIRECT RESOURCES, INC.** )<br>**2121 Citygate Drive** )<br>**Columbus, Ohio  43219** ) | **CIVIL ACTION NO.**<br><br>**FILED UNDER SEAL**<br><br>**COMPLAINT FOR VIOLATIONS**<br>**OF FEDERAL FALSE CLAIMS ACT**<br>**(31 U.S.C. §§3729 - 3733)**<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

1.     This is an action to recover damages and civil penalties on behalf of the United States of America arising from the false claims and statements made by Direct Resources, Inc., (hereinafter Defendant), in violation of the Federal False Claims Act, 31 U.S.C. §3729 *et. seq.*, as amended.

2.     The False Claims Act (hereinafter the Act), originally enacted in 1863 during the Civil War, was substantially amended by the False Claims Amendments Act of 1986, signed into law on October 17, 1986; and by the Fraud Enforcement and Recovery Act of 2009, signed into law on May 20, 2009.  Congress' intent was to enhance the Government's ability to recover losses sustained as a result of fraud against the United States and to provide a private cause of action for the protection of employees and others who act in furtherance of the purposes of the Act.  Congress acted after finding that fraud in federal programs and procurement is pervasive and that the Act, which Congress characterized as the primary tool for combating fraud in government contracting, was in need of modernization.

3.     The Act provides for any person who knowingly submits a false or fraudulent claim to the Government for payment or approval is liable for a civil penalty of up to $10,000 for each such claim, plus three times the amount of the damages sustained by the Government, including attorneys' fees, expenses and costs.  The Act allows any person having information regarding a false or fraudulent claim against the Government to bring a private cause of action for himself and on behalf of the Government and to share in any recovery.  The complaint is to be filed under seal for sixty days (without service on the Defendant during such sixty-day period) to enable the Government (a) to conduct its own investigation without the Defendant's knowledge, and (b) to determine whether to join the action.

4.     Based on these provisions, Plaintiff/Relator, Louis Scutellaro, seeks to recover damages and civil penalties arising from Defendant's presentation of false claims to the United States Government in connection with the selling of non-compliant products to the United States Government.

14497/2/3167993v1

5.      Plaintiff Scutellaro has direct and independent knowledge that Defendant has violated the False Claims Act because it is selling products to the United States Government that did not originate in designated countries under the Trade Agreements Act, and therefore are presenting false claims to the United States Government for payment, and/or because they are not correctly identifying the country of origin of products offered for sale to the United States Government.

## PARTIES

6.      Plaintiff Scutellaro is a resident of Roanoke, Virginia.  At all times relevant herein, he was the owner of Mario Industries and has manufactured lighting products in Roanoke, Virginia since 1988.  All of Mario Industries products sold to the United States Government are made in the United States and these products are sold, among other customers, to federal agencies.  In this capacity, Louis Scutellaro gained direct and independent knowledge of the allegations contained in this Complaint.

7.      Defendant Direct Resources, Inc., is a corporation with headquarters in Columbus, Ohio that sells lighting and other products to government and non-government customers. At all times relevant herein, Defendant sold lighting and other products to the United States Government under a General Services Administration (GSA) Multiple Awards Schedule and lists lighting and other products for sale on the GSA Advantage Website and, as such, has agreed to comply with the Trade Agreements Act, the Buy America Act and the American Recovery and Reinvestment Act, that prohibit the sale of goods to the United States that originate in non-designated countries, and/or the Defendant has agreed to specifically and correctly identify the country of origin of all products offered for sale to the United States Government.  Since 2003, Direct Resources, Inc., has

maintained the following GSA contracts:  Contract No. GS07F0214N under Schedule 73; Contract

No. GS07F0269N under Schedule 56; Contract No. GS06F0031R under Schedule 51V; Contract

No. GS21F0029T under Schedule 51V; and, Contract No. GS21F0029T under Schedule 51.

Defendant Direct Resources, Inc., sold goods and services to the United States Government earning

$43,797 in 2003; $133,137 in 2004; $92,344 in 2005; $82,353 in 2006; $122,025 in 2007; $763,390

in 2008; and $1,040.014 in 2009.

## BACKGROUND RESPECTING VIOLATIONS
## OF THE TRADE AGREEMENTS ACT

8.      Plaintiff Scutellaro is the owner of Mario Industries, 2490 Patterson Avenue SW,

Roanoke, Virginia.  In this capacity he sells lighting products to federal agencies under a General

Services Administration (GSA) Multiple Awards Schedule and lists lighting products for sale on the

GSA Advantage Website.  All of the lighting products sold by Plaintiff Scutellaro to the United

States Government are manufactured in the United States.

9.      Since Plaintiff Scutellaro sells products through the GSA Advantage Website he

regularly receives and reviews a product list prepared by Defendant Direct Resources, Inc., that

indicates the country of origin of all Grandrich lighting products to be the United States.  From

many years of experience in the lighting business, Plaintiff Scutellaro knew these products to be

manufactured in China.  Plaintiff Scutellaro also obtained manifest records showing since at least

October 11, 2006, that large quantities of Grandrich lighting products were being shipped from

China to the United States on the average of once a week.  *See* Exhibit 1.  Plaintiff Scutellaro

purchased several Grandrich lighting products that were listed on the GSA Advantage website as

being made in the United States, but bore the insignia "Made in China."  Also, Grandrich

Corporation does not possess a United Laboratory (UL) registration for production in the United

14497/2/3167993v1

States, which is almost a conclusive indicator its products are not manufactured in the United States.

10.    In early July 2009, Plaintiff Scutellaro lost lighting products bids to the Air Force and the Environmental Protection Agency to other vendors who falsely listed that Grandrich products were manufactured in the United States. Representatives of both federal agencies admitted the Grandrich lighting products were not manufactured in the United States. *See* Exhibit 2.

11.    On or about July 16, 2009, Plaintiff Scutellaro advised a contracting officer of the GSA by email that there were 97 Grandrich products illegally posted on the GSA Advantage Website, in that they claimed to have been manufactured in the United States when in fact they were all Made in China. *See* Exhibit 3. On or about July 17, 2009, the GSA contracting officer confirmed that the Grandrich products listed on the Advantage Website were Made in China. *Id.*

12.    As of August 21, 2009, there were still 97 Grandrich products listed on the GSA Advantage Website and, in part because of Plaintiff Scutellaro's competitive disadvantage with the cheap shoddily made Chinese products that resulted in the loss of government contracts, Plaintiff Scutellaro was forced to lay off 5 employees and place 11 employees of a four day work week. *Id.*

13.    On or about August 28, 2009, Plaintiff Scutellaro took screen shots from the GSA Advantage Website of approximately 59 Chinese made Grandrich products that were illegally listed for sale as American made products by the Defendant and four other vendors.

14.    All lighting products sold by Grandrich Corporation are manufactured in China and exported to the United States. Defendant Direct Resources, Inc., and other vendors obtain these lighting products from Grandrich and falsely market the products to federal agencies as being manufactured in the United States.

15.     Under GSA procurement policies, vendors must specifically list all products for sale and their countries of origin before the products can be approved for sale on the website. Any product from a non-designated country cannot be listed on the GSA Advantage website. *See* Exhibit 4. China is a non-designated country.

16.     Defendant Direct Resources, Inc., knowingly made false statements and representations to the United States Government by virtue of listing products for sale on the GSA Advantage Website that were not in fact from designated countries, and therefore in violation of the Trade Agreements Act, the Buy America Act and the American Recovery and Reinvestment Act.

17.     Defendant Direct Resources, Inc., knowingly made false statements and representations to the United States Government on federal agency contract bids by virtue of listing products that were not in fact from designated countries, and therefore in violation of the Trade Agreements Act, the Buy America Act and the American Recovery and Reinvestment Act.

18.     The following is a representative sample of the false claims made by Defendant Direct Resources, Inc., on the GSA Advantage Website that Grandrich lighting products were manufactured in the United States. The following Grandrich lighting products clearly bear the insignia that they were "Made in China."

        a.     Defendant Direct Resources, Inc., listed a Grandrich G-2540 White Swing Arm Desk Lamp, Manufacturer's Part Number 505323, Vendor's Part Number G-2540 WHT-505323, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 5.

        b.     Defendant Direct Resources, Inc., listed a Grandrich G-2540 Black Swing

Arm Desk Lamp, Manufacturer's Part Number 505358, Vendor's Part Number G-2540 BLK-505358, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. This same lighting product was also listed under Vendor's Part Number 421057A. *See* Exhibit 6.

c.      Defendant Direct Resources, Inc., listed a Grandrich FD-206 ST Swing Arm Desk Lamp, Manufacturer's Part Number 560588, Vendor's Part Number FD-206 ST-560588, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 7.

d.      Defendant Direct Resources, Inc., listed a Grandrich ML-100 Black Magnifier Lamp, Manufacturer's Part Number 560812, Vendor's Part Number ML-100 BLK-560812, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 8.

e.      Defendant Direct Resources, Inc., listed a Grandrich ES-213N Fluorescent Desk Lamp, Manufacturer's Part Number 501131, Vendor's Part Number ES-213N-501131, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 9.

f.      Defendant Direct Resources, Inc., listed a Grandrich CLC-400 Black Gooseneck Clip On Lamp, Manufacturer's Part Number 500631, Vendor's Part

Number CLC-400 BLK-500631, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 10.

g.    Defendant Direct Resources, Inc., listed a Grandrich CLC-400 White Gooseneck Clip On Lamp, Manufacturer's Part Number 505188, Vendor's Part Number CLC-400 WHT-505188, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 11.

h.    Defendant Direct Resources, Inc., listed a Grandrich G-2400 White Gooseneck Clip On Lamp, Manufacturer's Part Number 555908, Vendor's Part Number 555908, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 12.

i.    Defendant Direct Resources, Inc., listed a Grandrich G-2400 Black Gooseneck Lamp, Manufacturer's Part Number 555894, Vendor's Part Number 555894, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 13.

j.    Defendant Direct Resources, Inc., listed a Grandrich G-1284 White Torchiere Floor Lamp, Manufacturer's Part Number 513881, Vendor's Part Number 513881, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being "Switzerland" when in fact it was Made in China. *See*

Exhibit 14.

k.      Defendant Direct Resources, Inc., listed a Grandrich G-1094 Silver Torchiere Floor Lamp, Manufacturer's Part Number 560626, Vendor's Part Number 560626, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 15.

l.      Defendant Direct Resources, Inc., listed a Grandrich G-2134BLU Halogen Desk Lamp, Manufacturer's Part Number 513894, Vendor's Part Number 513894, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being "Switzerland" when in fact it was Made in China. *See* Exhibit 16.

m.      Defendant Direct Resources, Inc., listed a Grandrich G-2134 Black Halogen Desk Lamp, Manufacturer's Part Number 501040, Vendor's Part Number 501040, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 17.

n.      Defendant Direct Resources, Inc., listed a Grandrich CLC-108ST Gooseneck Clip-on Lamp, Manufacturer's Part Number 513803, Vendor's Part Number 513803, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 18.

o.      Defendant Direct Resources, Inc., listed a Grandrich G-1284 Black Torchiere Floor Lamp, Manufacturer's Part Number 513876, Vendor's Part Number 513876,

for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 19.

p.      Defendant Direct Resources, Inc., listed a Grandrich G-1106 Silver 3-Light Tree Floor Lamp, Manufacturer's Part Number 513865, Vendor's Part Number 513865, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 20.

19.     All products sold by Hunter Fan Company are manufactured in China and exported to the United States. *See* Exhibits 21, 22 & 23.  Defendant Direct Resources, Inc., and other vendors obtain these products from Hunter Fan Company and falsely market the products to federal agencies as being manufactured in the United States and other compliant countries.

20.     The following is a representative sample of the false claims made by Defendant Direct Resources, Inc., on the GSA Advantage Website that Hunter Fan Company products were manufactured in the United States and other compliant countries.

a.      Defendant Direct Resources, Inc., listed a Hunter Fan Company 52" Astoria Ceiling Fan, Manufacturer's Part Number 500728, Vendor's Part Number 22460, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "Canada" when in fact it was Made in China. *See* Exhibit 24. This same product was also listed by defendant Direct Resources, Inc., under Manufacturer's Part Number 500700 and Vendor's Part Number 22459, and as being made in "Canada" when in fact it was Made in China. *See* Exhibit 25.

b.      Defendant Direct Resources, Inc., listed a Hunter Fan Company 42" Beacon Hill Ceiling Fan, Manufacturer's Part Number 553484, Vendor's Part Number 20430, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "Singapore" when in fact it was Made in China. *See* Exhibit 26. This same product was also listed by defendant Direct Resources, Inc., under Manufacturer's Part Number 550655 and Vendor's Part Number 20436, and as being made in "Singapore" when in fact it was Made in China. *See* Exhibit 27.

c.      Defendant Direct Resources, Inc., listed a Hunter Fan Company 52" Vista Ceiling Fan with Light, Manufacturer's Part Number 530522, Vendor's Part Number 20531, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "Canada" when in fact it was Made in China. *See* Exhibit 28. This same product was also listed by defendant Direct Resources, Inc., under Manufacturer's Part Number 550647 and Vendor's Part Number 21539, and as being made in "Singapore" when in fact it was made in China. *See* Exhibit 29. This same product was also listed by defendant Direct Resources, Inc., under Manufacturer's Part Number 553506 and Vendor's Part Number 21538, and as being made in "Singapore" when in fact it was made in China. *See* Exhibit 33.

d.      Defendant Direct Resources, Inc., listed a Hunter Fan Company 52" Sontera Ceiling Fan with Light and Remote, Manufacturer's Part Number 558346, Vendor's Part Number 22434, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it

was Made in China. *See* Exhibit 30. This same product was also listed by defendant Direct Resources, Inc., under Manufacturer's Part Number 558354 and Vendor's Part Number 22436, and as being made in the "United States of America" when in fact it was made in China. *See* Exhibit 31.

e.      Defendant Direct Resources, Inc., listed a Hunter Fan Company 54" Caribbean Breeze Ceiling Fan with Light, Manufacturer's Part Number 507124, Vendor's Part Number 21647, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "Canada" when in fact it was Made in China. *See* Exhibit 32.

f.      Defendant Direct Resources, Inc., listed a Hunter Fan Company 42" Hand's Free Canopy Ceiling Fan, Manufacturer's Part Number 507115, Vendor's Part Number 20176, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "Canada" when in fact it was Made in China. *See* Exhibit 34. This same product was also listed by defendant Direct Resources, Inc., under Manufacturer's Part Number 507106 and Vendor's Part Number 20175, and as being made in "Canada" when in fact it was made in China. *See* Exhibit 35.

g.      Defendant Direct Resources, Inc., listed a Hunter Fan Company 42" Low Profile III Ceiling Fan, Manufacturer's Part Number 506802, Vendor's Part Number 23866, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "Canada" when in fact it was Made in China. *See* Exhibit 36.

h.      Defendant Direct Resources, Inc., listed a Hunter Fan Company 52" Sea Air Outdoor Ceiling Fan, Manufacturer's Part Number 506740, Vendor's Part Number 23566, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "Canada" when in fact it was Made in China. *See* Exhibit 37.

i.      Defendant Direct Resources, Inc., listed a Hunter Fan Company 52" Studio Ceiling Fan, Manufacturer's Part Number 500746, Vendor's Part Number 20183, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "Canada" when in fact it was Made in China. *See* Exhibit 38.

j.      Defendant Direct Resources, Inc., listed a Hunter Fan Company Humidifier, Manufacturer's Part Number 557021, Vendor's Part Number 34352, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "Canada" when in fact it was Made in China. *See* Exhibit 39.

k.      Defendant Direct Resources, Inc., listed a Hunter Fan Company Humidifier, Manufacturer's Part Number 557013, Vendor's Part Number 33222, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "Canada" when in fact it was Made in China. *See* Exhibit 40.

21.      Direct Resources, Inc., and other vendors falsely market numerous other products on the GSA Advantage Website as being manufactured in the United States when they are not, including, but not limited to:  light bulbs (incandescent, fluorescent, halogen, sodium, etc.), light fixtures (indoor and outdoor), thermostats, televisions, computer monitors, computer back up power supplies, electric heaters, exhaust fans, batteries, ballasts for fluorescent fixtures, vacuum cleaners,

14497/2/3167993v1

clocks and timers.  Most, if not all, of the products are made in China or Mexico.  For a representative sample of some of these products falsely marketed by Direct Resources, Inc., *see* Exhibit 41.

22.     As a result of this deception by Defendant Direct Resources, Inc., and other vendors, Plaintiff lost contract bids with federal agencies and sales on the GSA Advantage Website because his durable American made goods could not compete in price with the shoddy, poorly constructed Chinese products masquerading as United States manufactured products.

23.     By virtue of the number of products identified in the above referenced Exhibits that were illegally listed for sale by Defendant Direct Resources, Inc., and the volume of annual GSA sales conducted by Defendant Direct Resources, Inc., from approximately 2003 until present, it is highly probable that federal contracting officers relied upon the Defendant's material and false misrepresentation about the country of origin of these products and purchased these products in violation of the Trade Agreements Act, FAR 25.4, the Buy America Act, the American Recovery and Reinvestment Act and GSA procurement policies.

24.     By virtue of the above, it is clear that Defendant Direct Resources, Inc.,  knowingly made false statements to the United States Government that are in violation of the False Claims Act.  Further auditing and analysis will uncover more products and more false statements – including False Claims Act violations relating to both lighting and non-lighting products.

### COUNT I
#### *(Trade Agreements Act Violations)*
#### *(False Claims Act 31 U.S.C. §3729 et. seq.)*

25.     Plaintiff Scutellaro alleges and incorporates by reference the allegations made in paragraphs 1 through 20 of this Complaint.

26.     This is a claim for treble damages and forfeiture under the False Claims Act, 31 U.S.C. §§3729-32.

27.     By virtue of the acts described above, the Defendant Direct Resources, Inc., knowingly submitted, caused to be submitted and continue to submit and to cause to be submitted false or fraudulent claims for payment and reimbursement by the United States Government by knowingly, in deliberate ignorance or in reckless disregard of the truth, made false statements about the country of origin of products offered for sale to the United States Government that did not originate in the United States or a designated country as defined by the Trade Agreements Act, the Buy America Act and/or the American Recovery and Reinvestment Act.

28.     By virtue of the acts described above, the Defendant knowingly made, used or caused to be made or used, and continue to make or use or cause to be made or used, false statements to obtain Federal Government payment for false or fraudulent claims because the Defendant falsely certified that all products that they sold and offered for sale to the United States Government originated in the United States or designated countries as defined by the Trade Agreements Act, the Buy America Act and/or the American Recovery and Reinvestment Act, or the Defendant certified that it truthfully and honestly provided accurate information to the United States Government regarding the country of origin of products that they  were offering for sale to the Government, when, in fact, the Defendant knowingly provided false and misleading information. These were material misstatements that violated the Trade Agreements Act, the Buy America Act, the American Recovery and Reinvestment Act and/or frustrated the efforts of the United States Government to achieve its goals and policies under the Trade Agreements Act, the Buy America Act and/or the American Recovery and Reinvestment Act.

29.     The United States, unaware of the falsity of the records, statements and/or claims made by the Defendants and in reliance on the accuracy thereof, paid for aforementioned false claims because the Defendant intentionally, with deliberate ignorance for the truth or with reckless disregard for the truth sold products to the Government that did not originate in the United States or a designated country.

30.     By virtue of the acts described above, the Defendant defrauded the United States.

31.     As set forth in the preceding paragraphs, Defendant violated 31 U.S.C. §3729 *et. seq.* and have thereby damaged and continues to damage the United States Government by their actions in an amount to be determined at trial.

## PRAYER

WHEREFORE, Plaintiff/Relator Scutellaro prays for judgment against Defendant Direct Resources, Inc., as follows:

32.     That Defendant cease and desist from violating 31 U.S.C. §3729 *et. seq.*

33.     That this Court enter judgment against the Defendant in an amount equal to three times the amount of damages the United States Government has sustained because of Defendant's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of 31 U.S.C. §3729 *et. seq.*;

34.     That Plaintiff/Relator be awarded the maximum amount allowed pursuant to §3729(d) of the False Claims Act;

35.     That Plaintiff/Relator be awarded all costs and expenses of this action, including attorney's fees; and

36.     That Plaintiff/Relator recover such other relief as the Court deems just and proper.

14497/2/3167993v1

Respectfully submitted,

Counsel for Plaintiff/Relator Louis Scutellaro

MCKNIGHT & KENNEDY, LLC

By:     *[signature]*
        H. Vincent McKnight, Jr.
        D.C. Bar #293811
        8601 Georgia Avenue
        Suite 1010
        Silver Spring, MD 20910
                (301) 565-5281

GENTRY LOCKE RAKES & MOORE LLP

By:     *[signature]*
        Matthew W. Broughton
        Virginia State Bar #25226
        Sun Trust Plaza
        10 Franklin Road, SE
        P.O. Box 40013
        Roanoke, Virginia  24022
                (540) 983-9300

        *[signature]*
        Thomas J. Bondurant, Jr.
        Virginia State Bar #18894

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Complaint was sent by United States mail, this *20th*

day of *January*, 2010, to:

> Channing D. Phillips
> United States Attorney
> District of Columbia
> 555 4th Street, NW
> Washington, DC  20530

> Eric H. Holder, Jr.
> Attorney General of the United States
> United States Department of Justice
> 10th & Constitution Avenue, NW
> Washington, DC  20530

*H. Vincent McKnight, Jr.*